**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth W. GLANZER, Appellant.**

**No. 75–1359.**

United States Court of Appeals,
Ninth Circuit.

June 27, 1975.

**12**

John R. Stair (argued), Seattle, Wash., for appellant.

Bruce D. Carter, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee.

## OPINION

Before CARTER, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

Kenneth W. Glanzer was convicted of fraudulently using an electronic device ("blue box") to bypass telephone billing equipment in violation of 18 U.S.C. § 1343.

Glanzer challenges the receipt into evidence of transcripts of telephone-company-wiretap tapes. He contends that the telephone company's surveillance and tapings violated his Fourth Amendment rights, and that the tapes should not have been received into evidence because segments thereof had been destroyed. Neither point is well taken.

■ The Fourth Amendment questions are fully answered by the recent decision in *United States v. Clegg*, 509 F.2d 605 (5th Cir. 1975). The electronic surveillance of Glanzer's telephone traffic, like that of Clegg, was accomplished by telephone-company technicians without government assistance or participation. This type of telephone-company security activity not only does no violence to rights protected by the Fourth Amendment, but is specifically authorized by statute. *See* 18 U.S.C. § 2511(2)(a)(i).

■ The tapes were fragmentary, but the evidence showed that the telephone company did not undertake to monitor all of Glanzer's telephone traffic. The company chose to concentrate on facts relevant to the circumvention of its billing system rather than upon the total content of the wire traffic. Glanzer has failed to suggest any reasonable hypothesis upon which more complete monitoring or preservation of monitored traffic could have helped his defense, and we can think of none. There was no error in receiving the challenged tapes.

■■ The assertion that the evidence was insufficient to support the conviction is frivolous, as is the assertion that Glanzer was entitled to an instruction on a so-called lesser included offense. The only lesser offense suggested, a misdemeanor under 47 U.S.C. § 220(e), is committed when an individual makes a false entry in records that a regulated communications carrier is required by law or regulation to maintain. The misdemeanor is not only not "included", it is not related to Glanzer's offense.

Affirmed.