**150**

The UNITED STATES of America

v.

Jack LIFFITON and John Blair a/k/a John Blaszkiewicz.

No. CR–85–159E.

United States District Court,
W.D. New York.

March 16, 1988.

Rodney O. Personius, Buffalo, N.Y., for plaintiff.

Herbert L. Greenman, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The abovenamed John Blair has moved, *inter alia,* to preclude the government from using tapes of sixteen minimized conversations in which he and/or his co-defendant, the abovenamed Jack Liffiton, was a participant. Inasmuch as the tapes do not memorialize the entirety of such conversations but only portions of each, Mr. Blair contends that the jurors would be misled, confused and forced to speculate as to the content and relevance of any unrecorded portions of the conversations. Because he was not a party to many of the conversations Mr. Blair further maintains that he would have "absolutely no way" to cross-examine anyone regarding those conversations.

It is apparently conceded that the conversations in question are relevant. Mr. Blair however cites Fed.R.Evid. rule 403 in support of his position but offers generalities and speculation to satisfy his burden under the rule to show that the probative value of the tapes would be "substantially outweighed" by such factors as confusion or prejudice. For example, the argument is made that hearing the minimized conversations "may tend to mislead the jury into thinking that nothing else took place." Herbert L. Greenman, Esq. Affidavit of February 4, 1988, ¶ 22. How the conversations are deceptive or in what way additional portions of the conversations which the government failed to record would correct an allegedly misleading impression is not suggested. In *United States v. Glanzer,* 521 F.2d 11 (9th Cir.1975), the introduction of "fragmentary" tapes was permitted, especially in light of the fact that the defendant therein had "failed to suggest any reasonable hypothesis upon which more complete monitoring or preservation of monitored traffic could have helped his defense." *Id.* at 12. The government furthermore contends that it will corroborate with independent evidence at trial the introduced portion of each intercepted conversation.

Although Mr. Blair cannot predict whether his co-defendant will take the witness stand, a refusal by Mr. Liffiton to testifiy does not deny that option to Mr. Blair who participated in seven of the conversations. The government need not be penalized for any tactical decision on the part of Mr. Blair should he decide not to testify. In addition, the government has expressed its intention to call as a witness Dr. Hashim

Iyoob, who took part in three additional conversations. The remaining participants with the exception of an unknown Internal Revenue Service employee have been identified. The fact that memories might have faded somewhat since the tapes were made in 1982 does not deprive Mr. Blair of his opportunity to conduct an effective examination.

The further argument is made that Fed. R.Evid. rule 106 automatically prohibits the introduction of these tapes because the "other part" of the recorded material to which a defendant is entitled cannot be supplied. Firstly, the Advisory Committee Note following rule 106 explicitly states, "for practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations." Secondly, Mr. Blair's interpretation of the rule runs counter to the decision in *United States v. Knohl*, 379 F.2d 427, 440 (2d Cir.1967) ("the fact that part of a tape recording is missing or inaudible does not render it inadmissible.").

Accordingly, Mr. Blair's motion to preclude the use of the minimized conversations is hereby ORDERED denied.